All Law Division initial Case Management Dates will be heard via Zoom. **12-Person Jury**
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 6/21/2022 9:45 AM

FILED
4/15/2022 11:20 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003549

17517210

FILED DATE: 4/15/2022 11:20 AM 2022L003549

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LATRICE MCCOY,               )
                             )
                Plaintiff,   )
                             )
        v.                   )   No. 2022L003549
                             )
NATIONAL RAILROAD PASSENGER  )
CORPORATION, d/b/a AMTRAK, and )
UNKNOWN AMTRAK OPERATOR,     )
                             )
                Defendants,  )
                             )
CHICAGO UNION STATION COMPANY, )
                             )
                Respondent in Discovery. )

### COMPLAINT AT LAW

Plaintiff, LATRICE MCCOY, by her attorneys, MOTHERWAY & NAPLETON, LLP, complains of Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK") and UNKNOWN AMTRAK OPERATOR, as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. At all relevant times herein, Defendant, AMTRAK is and was a for-profit corporation and an interstate common carrier by railroad, charted by Act of Congress and having more than fifty percent (50%) of its capital stock owned by the United States of America through the United States Department of Transportation, engaged in the interstate transportation of passengers, including in the County of Cook and State of Illinois.

2. At all relevant times herein, Defendant, UNKNOWN AMTRAK OPERATOR, acted as an employee and agent of Defendant, AMTRAK.

3. At all relevant times herein, Plaintiff, LATRICE MCCOY, is and was legally blind and a disabled person.


DEFENDANT'S EXHIBIT A

4. Prior to April 21, 2021, Plaintiff, LATRICE MCCOY, purchased from Defendant, AMTRAK, a ticket designated for passengers with disabilities for transportation by rail from California to Chicago, Illinois.

5. At the time the aforesaid ticket for disabled passengers was purchased, Plaintiff, LATRICE MCCOY, provided to Defendant, AMTRAK, documentation of her disability.

6. At the time Plaintiff, LATRICE MCCOY, boarded the aforesaid AMTRAK train, she informed Defendant, UNKNOWN AMTRAK OPERATOR, that she was a passenger with a disability and required assistance.

7. At the aforesaid time and place, Plaintiff, LATRICE MCCOY, wore a badge and sticker indicating that she was a disabled passenger and required assistance.

8. On April 21, 2021, Plaintiff, LATRICE MCCOY, rode as a disabled passenger on the train owned, operated, and controlled by Defendant, AMTRAK, at or near the Union Station terminal located at 255 South Canal Street, City of Chicago, County of Cook, and State of Illinois.

9. At the aforesaid time and place, Defendant, AMTRAK, by and through its agent, Defendant, UNKNOWN AMTRAK OPERATOR, announced that the aforesaid train had arrived at Union Station in Chicago, Illinois.

10. On arrival, Plaintiff, LATRICE MCCOY, required assistance carrying her luggage to a connecting AMTRAK train.

11. On information and belief, Defendant, AMTRAK, owned, operated, and controlled certain motorized carts, and personnel, that were used to transport disabled passengers and their luggage to aid and assist disabled passengers while they alighted from and boarded AMTRAK trains at the Union Station terminals.

12. On arrival, Plaintiff, LATRICE MCCOY, requested assistance from Defendant,

UNKNOWN AMTRAK OPERATOR, carrying her luggage to the aforesaid connecting AMTRAK train, but Defendant, UNKNOWN AMTRAK OPERATOR, refused.

13. Plaintiff, LATRICE MCCOY, while exiting the train, again requested assistance from Defendant, UNKNOWN AMTRAK OPERATOR, transporting her luggage to the aforesaid connecting AMTRAK train, but no assistance was provided.

14. Defendant, UNKNOWN AMTRAK OPERATOR, refused to assist, aid, or otherwise help Plaintiff, LATRICE MCCOY.

15. Plaintiff, LATRICE MCCOY, waited on the platform to receive assistance from another employee and/or agent of Defendant, AMTRAK, but assistance was never provided.

16. Plaintiff, LATRICE MCCOY, having received no assistance from Defendant, UNKNOWN AMTRAK OPERATOR, or any other agent, servant, or employee of Defendant, AMTRAK, attempted to carry her luggage to the aforesaid connecting AMTRAK train, fell down, and sustained injuries as a result of her disability, inability to move her luggage, and AMTRAK's failure to assist her.

## COUNT I
## COMMON CARRIER NEGLIGENCE – AMTRAK

17. Plaintiff, LATRICE MCCOY, re-alleges and incorporates paragraphs one (1) through sixteen (16) as if fully set forth herein.

18. At all times relevant, Defendant, AMTRAK, was a common carrier and owed the highest duty of care to Plaintiff, LATRICE MCCOY, including the affirmative duty to aid and protect against unreasonable risks of harm.

19. At the aforesaid time and place, Defendant, AMTRAK, by and through its agents, servants, or employees, did then and there commit one or more of the following acts or omissions:

    a. Failed to aid Plaintiff while she was alighting from the AMTRAK train; and/or

3

b. Failed to assist Plaintiff while she was alighting from the AMTRAK train; and/or

c. Failed to aid Plaintiff while she was boarding the connecting AMTRAK train; and/or

d. Failed to assist Plaintiff while she was boarding the connecting AMTRAK train; and/or

e. Failed to properly train its agents, servants, or employees how to provide appropriate aid to disabled passengers; and/or

f. Failed to properly train its agents, servants, or employees how to provide appropriate assistance to disabled passengers; and/or

g. Failed to use a motorized cart to transport Plaintiff and her luggage while she alighted from the AMTRAK train; and/or

h. Failed to use a motorized cart to transport Plaintiff and her luggage while she boarded the connecting AMTRAK train; and/or

i. Were otherwise negligent.

20. As a proximate result of one or more of the foregoing acts or omissions, Plaintiff, LATRICE MCCOY, suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LATRICE MCCOY, demands judgment against Defendant, AMTRAK, in a sum in excess of the jurisdictional limits of the Circuit Court of Cook County.

### COUNT II
### (ALTERNATIVE TO COUNT I)
### NEGLIGENCE – AMTRAK

21. Plaintiff, LATRICE MCCOY, hereby re-alleges and incorporates paragraphs one (1) through sixteen (16) as if fully set forth herein.

22. At all times relevant, Defendant, AMTRAK, had the duty to exercise ordinary care in the interstate transportation of passengers in the County of Cook and State of Illinois.

23. At the aforesaid time and place, Defendant, AMTRAK, by and through its agents, servants, or employees, did then and there commit one or more of the following acts or omissions:

FILED DATE: 4/15/2022 11:20 AM 2022L003549

a. Failed to aid Plaintiff while she was alighting from the AMTRAK train; and/or

b. Failed to assist Plaintiff while she was alighting from the AMTRAK train; and/or

c. Failed to aid Plaintiff while she was boarding the connecting AMTRAK train; and/or

d. Failed to assist Plaintiff while she was boarding the connecting AMTRAK train; and/or

e. Failed to properly train its agents, servants, or employees how to provide appropriate aid to disabled passengers; and/or

f. Failed to properly train its agents, servants, or employees how to provide appropriate assistance to disabled passengers; and/or

g. Failed to use a motorized cart to transport Plaintiff and her luggage while she alighted from the AMTRAK train; and/or

h. Failed to use a motorized cart to transport Plaintiff and her luggage while she boarded the connecting AMTRAK train; and/ or

24. Were otherwise negligent.

25. As a proximate result of one or more of the foregoing acts or omissions, Plaintiff, LATRICE MCCOY, suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LATRICE MCCOY, demands judgment against Defendant, AMTRAK, in a sum in excess of the jurisdictional limits of the Circuit Court of Cook County.

## COUNT III
### NEGLIGENCE – UNKNOWN AMTRAK OPERATOR

26. Plaintiff, LATRICE MCCOY, re-alleges and incorporates paragraphs one (1) through sixteen (16) as if fully set forth herein.

27. At all times relevant, Defendant, UNKNOWN AMTRAK OPERATOR, had the duty to exercise ordinary care in the interstate transportation of passengers in the County of Cook and State of Illinois.

5

28. At the aforesaid time and place, Defendant, UNKNOWN AMTRAK OPERATOR, did then and there commit one or more of the following acts or omissions:

   a. Failed to aid Plaintiff while she was alighting from the AMTRAK train; and/or

   b. Failed to assist Plaintiff while she was alighting from the AMTRAK train; and/or

   c. Failed to aid Plaintiff while she was boarding the connecting AMTRAK train; and/or

   d. Failed to assist Plaintiff while she was boarding the connecting AMTRAK train; and/or

   e. Failed to properly train its agents, servants, or employees how to provide appropriate aid to disabled passengers; and/or

   f. Failed to properly train its agents, servants, or employees how to provide appropriate assistance to disabled passengers; and/or

   g. Failed to use a motorized cart to transport Plaintiff and her luggage while she alighted from the AMTRAK train; and/or

   h. Failed to use a motorized cart to transport Plaintiff and her luggage while she boarded the connecting AMTRAK train; and/or

   i. Were otherwise negligent.

29. As a proximate result of one or more of the foregoing acts or omissions, Plaintiff, LATRICE MCCOY, suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LATRICE MCCOY, demands judgment against Defendant, AMTRAK, in a sum in excess of the jurisdictional limits of the Circuit Court of Cook County.

## **RESPONDENT IN DISCOVERY**

Plaintiff, LATRICE MCCOY, hereby names CHICAGO UNION STATION COMPANY as a Respondent in Discovery pursuant to 735 ILCS 5/2-402.

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for the plaintiff avers that the money damages herein sought exceed FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully submitted,

/s/ *Cameron J. Botticelli*

Attorney for Plaintiff, Latrice McCoy

Cameron J. Botticelli
**MOTHERWAY & NAPLETON, LLP**
140 South Dearborn Street, Suite 1500
Chicago, IL 60603
Attorney No. 56421
(312) 726-2699
cbotticelli@mnlawoffice.com
mwoolman@mnlawoffice.com
salirie@mnlawoffice.com

CJB

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| LATRICE MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| | ) | |
| NATONAL RAILROAD PASSENGER | ) | |
| CORPORATION d/b/a AMTRAK, and | ) | |
| UNKNOWN AMTRTAK OPERATOR, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| CHICAGO UNION STATION COMPANY, | ) | |
| | ) | |
| Respondents in Discovery, | ) | |

## JURY DEMAND

The undersigned demands a jury trial.

/s/ *Cameron J. Botticelli*
Cameron J. Botticelli

Attorney for Plaintiff, Latrice McCoy

**MOTHERWAY & NAPLETON, LLP**
140 S. Dearborn Street
Suite 1500
Chicago, IL 60603
(312) 726-2699
Attorney No. 56421
For service by email:
cbotticelli@mnlawoffice.com
mwoolman@mnlawoffice.com
salirie@mnlawoffice.com
fdesk@mnlawoffice.com

FILED DATE: 4/15/2022 11:20 AM 2022L003549